UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

|  |  |  |
|---|---|---|
| THE ETHYLENE OXIDE STERILIZATION ASSOCIATION, INC., | ) ) ) ) | |
| Petitioner, | ) ) ) | No. 24-1180 |
| v. | ) ) ) | |
| U.S. ENVIRONMENTAL PROTECTION AGENCY, and MICHAEL S. REGAN, Administrator, U.S. Environmental Protection Agency | ) ) ) ) ) | |
| Respondent. | ) ) ) | |

## PETITIONER'S NONBINDING STATEMENT OF ISSUES

Petitioner The Ethylene Oxide Sterilization Association, Inc. (EOSA) submits the following nonbinding statement of issues to be raised in this challenge to the U.S. Environmental Protection Agency's (EPA) Final Rule entitled *National Emission Standards for Hazardous Air Pollutants: Ethylene Oxide Emissions Standards for Sterilization Facilities Residual Risk and Technology Review*, 89 Fed. Reg. 24,090 (Apr. 5, 2024):

(1) Whether EPA has authority to issue a second round of ethylene oxide (EtO) emission standards for sterilization facilities under Clean Air Act (CAA) Section 112(f)(2), 42 U.S.C. § 7412(f)(2), when (a) that provision provides only for a *one-time* residual risk review eight years after emissions standards for a source

1

category are issued, which EPA completed in 2006, and (b) CAA Section 112(d)(6), 42 U.S.C. § 7412(d)(6), directs EPA to revise emission standards every eight years based on *technological* developments, imposing different requirements for such recurring technological reviews that EPA did not meet in the Final Rule;

(2) Whether EPA's extremely stringent emission standards requiring sources of even small amounts of EtO at commercial sterilization facilities (including sterilization chamber vents, aeration room vents, and chamber exhaust vents) to dramatically reduce EtO emissions—some up to 99.99%—are arbitrary, capricious, unlawful, and an abuse of EPA's discretion, including because the standards are not supported by a robust set of record data;

(3) Whether EPA's stringent emission standards for EtO sources at sterilization facilities are arbitrary, capricious, unlawful, and an abuse of EPA's discretion because EPA failed to consider costs to sterilization facilities and the medical industry customers who depend on them, or that the Final Rule may disrupt ethylene oxide sterilization services, making critical medical supplies unavailable;

(4) Whether it was arbitrary, capricious, unlawful, and an abuse of discretion for EPA to rely on—while refusing to take, consider, or address comments on—the 2016 Integrated Risk Information System (IRIS) risk value for EtO, which is technically flawed and vastly overstates cancer-related risks;

(5) Whether the requirement that sources demonstrate compliance with the Final Rule using continuous emissions monitoring systems (CEMS)—even when they are not fully operational because they are starting up, shutting down, or malfunctioning—is arbitrary, capricious, and an abuse of EPA's discretion;

(6) Whether EPA's compliance deadlines for certain EtO emissions standards are arbitrary, capricious, and an abuse of EPA's discretion, including because EPA failed to account for the time needed to obtain and install control and monitoring technology and secure required permits from permitting authorities.

EOSA reserves its right to raise additional issues in its merits brief.

Dated: July 3, 2024

Respectfully submitted,

/s/ Amanda Shafer Berman
Amanda Shafer Berman
CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, DC  20004
Telephone: (202) 688-3451
Facsimile: (202) 628-5116

Kelly N. Garson
Lynn L. Bergeson
BERGESON & CAMPBELL, P.C.
2200 Pennsylvania Ave., N.W., Suite 100W
Washington, DC 20037
Telephone: (202) 557-3801
Facsimile: (202) 557-3836
kgarson@lawbc.com
lbergeson@lawbc.com

*Counsel for Petitioner The Ethylene Oxide Sterilization Association, Inc.*

## CERTIFICATE OF SERVICE

Pursuant to Rule 25 of the Federal Rules of Appellate Procedure and the Circuit Rules, I hereby certify that have this 3rd day of July, 2024, served a copy of the foregoing document electronically through the Court's CM/ECF system on all registered counsel.

/s/ Amanda Shafer Berman
Amanda Shafer Berman