<u>**ORAL ARGUMENT NOT YET SCHEDULED**</u>

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| **THE ETHYLENE OXIDE STERILIZATION ASSOCIATION, INC.** *Petitioner,* v. **U.S. ENVIRONMENTAL PROTECTION AGENCY, ET AL.,** *Respondents.* | **No. 24-1180** **(and consolidated cases)** |

<u>**REPLY IN SUPPORT OF THE AMERICAN PETROLEUM INSTITUTE'S MOTION FOR LEAVE TO INTERVENE AS PETITIONER**</u>

The U.S. Environmental Protection Agency ("Respondent") asserts that the American Petroleum Institute's ("Movant-Intervenor") motion to intervene in support of the Ethylene Oxide Sterilization Association, Inc. ("Petitioner") should be denied for two primary reasons. But as detailed below, both arguments are misplaced.

**I.　The U.S. Supreme Court has determined that intervenors do not always need to demonstrate standing in their own right.**

Respondent's first argument against the motion to intervene is that Movant-Intervenor has not demonstrated standing in its own right. Doc. No. 2064477 ("Opposition") at 3. Respondent cites two cases in which this Court has held that

intervenors always must have standing in their own right – *Defs. of Wildlife v. Perciasepe*, 714 F.3d 1317, 1323 (D.C. Cir. 2013) ("*Defs. Of Wildlife*")("[A] party seeking to intervene as of right [must] demonstrate Article III standing.") and *Old Dominion Elec. Coop. v. FERC*, 892 F.3d 1223, 1232 (D.C. Cir. 2018)("*Old Dominion*")("Intervenors become full-blown parties to litigation, and so all would-be intervenors must demonstrate Article III standing."). *Id*. That requirement was first established by this Court in *Southern Leadership Conference v. Kelley*, 747 F. 2d 777 (D.C. Cir. 1984). *See City of Cleveland, Ohio v. NRC*, 17 F. 3d 1515, 1517 ("*Kelley* establishes that a movant for leave to intervene under Rule 24(a)(2) must have Article III standing to participate in proceedings before the district court.").

This Court has expressed misgivings about its view that intervenors always must demonstrate standing in their own right. For example, "requiring standing for an applicant wishing to come in on the side of a plaintiff who has standing runs into the doctrine that Article III is satisfied so long as one party has standing." *Roeder v. Islamic Republic of Iran*, 333 F. 3d 228, 233 (D.C. Cir. 2003). *See also Jones v. Prince George's County, Maryland*, 348 F. 3d 1014, 1018 (D.C. Cir. 2003)("To be sure, we have noted that requiring prospective intervenors to establish Article III standing gives rise to several thorny issues — the most relevant for our purposes being the tension between requiring standing of

2

prospective plaintiff-intervenors while at the same time finding Article III satisfied when only one party has standing.").

Those misgivings are well placed. It is beyond dispute that the standing of one party can be "sufficient to confer standing under … Article III" to similarly situated parties. *Bowsher v. Synar*, 478 U.S. 714, 721 (1986). That remains true when an intervenor seeks to piggyback on the standing of a primary party to the case. *McConnell v. Federal Election Comm'n*, 540 U.S. 93, 233 (2003).

But "standing is not dispensed in gross." *Town of Chester, NY v. Laroe Estates*, 581 U.S. 433, __, 137 S. Ct. 1645, 1651 (2017)("*Town of Chester*")(cleaned up). "[A]t the least, a plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Id*. "The same principle applies to intervenors of right." *Id*. In the end, "[f]or all relief sought, there must be a litigant with standing" and, thus, "an intervenor of right must demonstrate Article III standing when it seeks additional relief beyond that which the plaintiff requests." *Id*. In other words, an intervenor does not need to demonstrate standing in its own right when it presses the same claim and seeks the same relief as another party that has standing.

In a footnote in *Old Dominion*, this Court concluded without analysis that the U.S. Supreme Court's decision in *Town of Chester* "had no occasion to consider whether all intervenors must" demonstrate Article III standing and, thus,

3

"does not cast doubt upon, let alone eviscerate, our settled precedent that all intervenors must demonstrate Article III standing." *Old Dominion* at 1232 n. 2. But that conclusory assertion does not explain where the Court found room for the D.C. Circuit to continue to demand that intervenors always must demonstrate standing in their own right when the U.S. Supreme Court unambiguously embraced a different view in *Town of Chester*.

To sum up, the U.S. Supreme Court has held that for a given claim and corresponding form of relief, the standing of one party is sufficient to confer standing on other parties asserting the same claim and seeking the same relief – including intervenors. This Court's view that intervenors always must demonstrate standing in their own right must be squared with that clear rule of law. *Dellums v. U.S. Nuclear Regulatory Com'n*, 863 F. 2d 968, 987 n. 11 (D.C. Cir. 1988)("[I]t is black letter law that a circuit precedent eviscerated by subsequent Supreme Court cases is no longer binding on a court of appeals.").

Here, Respondent does not question the standing of Petitioner, the Ethylene Oxide Sterilization Association, Inc. And Petitioner has indicated its intention to litigate the same issue as Movant-Intervenor intends to challenge – the U.S. Environmental Protection Agency's unlawful claim of discretionary authority to conduct a second risk review for the ethylene oxide commercial sterilizer source category. Moreover, Petitioner and Movant-Intervenor seek the same relief –

4

reversal of the U.S. Environmental Protection Agency's unlawful action. Consequently, Petitioner's standing is sufficient to confer standing to Movant-Intervenor.

**II.  Petitioner does not adequately represent Movant-Intervenor's Interests**

Respondent also argues that intervention should be denied because "the intervening party only seeks to raise an issue already raised by another party." Opposition at 7.  According to Respondent, "[b]ecause Petitioner Sterilization Association plans to raise the same statutory interpretation issue that the Petroleum Institute identifies as the sole basis for its intervention, the Petroleum Institute's asserted interests in this litigation are adequately represented." *Id.* at 8.

Respondent's argument is misplaced for two reasons.  First, the authority cited by Respondent is inapposite.  In *BCP Trading & Invs., LLC v. Comm'r of Internal Revenue*, 991 F.3d 1253 (D.C. Cir. 2021), intervention was denied by the lower court because the movant-intervenor incorporated by reference the arguments of another party and, thus, "was adequately represented on the issue" because she "offered no additional argument." *Id*. at 1273.  Denial of intervention was upheld because the lower court "did not abuse its discretion in denyng [] the motion to intervene." *Id*.  That holding did not turn on the fact that the movant-intervenor sought to litigate the same "issue" as the principal party.  Instead, the

holding was based on the conclusion that the movant-intervenor offered no arguments beyond those presented by the principal party.

Similarly, in *United States v. All Assets Held at Credit Suisse (Guernsey) Ltd.*, 45 F.4th 426 (D.C. Cir. 2022), the movant-intervenor sought "to raise precisely the same arguments as" the principal party. *Id*. at 432. Intervention was denied because "[a] would-be intervenor is adequately represented when she offers no argument not also pressed by an existing party." *Id*. (cleaned up). As in *BCP Trading*, the holding turned on the arguments presented and not on the mere fact that the movant-intervenor sought to litigate the same issue as a principal party.

Here, Movant-Intervenor intends to raise the same "issue" as Petitioner – i.e., whether EPA has discretionary authority to conduct a second risk review. But Movant-Intervenor does not seek merely to duplicate the arguments that might be made by Petitioner. Movant-Intervenor's interest is in presenting a broader range of arguments than Petitioner necessarily will make on the issue. As explained in the Motion to Intervene, Petitioner and its members likely will calibrate their litigation strategy to accommodate disparate interests that are not shared by Movant-Intervenor. Doc. No. 2063232 ("Motion") at 10-11. Movant-Intervenor does not need to make such an accommodation. Thus, Petitioner will not necessarily adequately represent Movant-Intervenor's interests.

Second, Respondent accuses Movant-Intervenor of asserting the "unfounded speculation" that Petitioner will not necessarily assert the full range of legal arguments as Movant-Intervenor might make. Opposition at 7. Yet Movant-Intervenor put forward material facts in support of its contention that were not acknowledged or rebutted by Respondent. Most importantly, Movant-Intervenor cited to evidence that the ethylene oxide sterilization industry faces enormous potential liability in private tort cases alleging harm to health and the environment due to hazardous air pollutant emissions from sterilization facilities. Motion at 11.

It does not require a great leap of faith to conclude that Petitioner sees value in an EPA rule that purports to provide an ample margin of safety against hazardous air emissions from sterilization facilities and may shape its arguments against the risk-based elements of the rule in a way that accomplishes its regulatory objectives without necessarily completely undermining those elements. Thus, Movant-Intervenors unrebutted evidence supports a conclusion that Petitioners will not necessarily make the full range of legal arguments that Movant-Intervenor is prepared to make and, therefore, will not necessarily adequately represent Movant-Intervenor's interests.

## CONCLUSION

Movant-Intervenor API respectfully requests leave to intervene as petitioner in Case No. 24-1180.

Respectfully submitted,

                         */s/ William L. Wehrum*
                         William L. Wehrum
                         Wehrum Environmental Law LLC
                         1629 K Street, NW, Suite 300
                         Washington, D.C. 20006
                         (302) 300-0388
                         William_Wehrum@comcast.net
                         *Counsel for the American*
                         *Petroleum Institute*

John Wagner
AMERICAN PETROLEUM INSTITUTE
200 Massachusetts Ave., NW
Washington, D.C. 20001
(202) 682-8000
Wagner@api.org

Dated: July 20, 2024

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 32(f) and (g), I hereby certify that the foregoing reply complies with the type volume limitation of Federal Rule of Appellate Procedure (d)(2)(A) because it contains 1441 words, excluding exempted portions, according to the count of Microsoft Word.

I further certify that the motion complies with Federal Rules of Appellate Procedure 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it has been prepared in 14-point Times New Roman type.

                                              Respectfully submitted,

                                              */s/  William L. Wehrum*
                                              William L. Wehrum

Dated:  July 20, 2024

## **CERTIFICATE OF SERVICE**

Pursuant to Rule 25 of the Federal Rules of Appellate Procedure and Circuit Rule 25(c), I hereby certify that, on this 20th day of July, 2024, I caused the foregoing response to be electronically filed with the Clerk of the Court by using the court's CM/ECF system. All registered counsel will be served by the Court's CM/ECF system.

*/s/ William L. Wehrum*
William L. Wehrum