**ORAL ARGUMENT NOT YET SCHEDULED**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| CALIFORNIA COMMUNITIES AGAINST TOXICS, CLEAN POWER LAKE COUNTY, COMITÉ DIÁLOGO AMBIENTAL, RIO GRANDE INTERNATIONAL STUDY CENTER, SIERRA CLUB, and UNION OF CONCERNED SCIENTISTS,<br><br>*Petitioners (No. 24-1178)*,<br><br>THE ETHYLENE OXIDE STERILIZATION ASSOCIATION, INC.,<br><br>*Petitioner (No. 24-1180)*,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY and MICHAEL S. REGAN, Administrator, U.S. Environmental Protection Agency,<br><br>*Respondents*. | No. 24-1178<br>(Consolidated with 24-1180) |

**JOINT MOTION TO SET BRIEFING FORMAT AND SCHEDULE**

Industry Petitioner,[1] Environmental and Community Groups Petitioners,[2] and Respondent United States Environmental Protection Agency ("EPA") hereby submit this proposal to set a briefing format and schedule in the above-captioned consolidated cases. The parties agree[3] on the importance of expeditiously briefing this complex litigation and seek to promptly set a schedule that allows for sufficient time to prepare their briefs, while allowing for oral argument to be scheduled next spring.

As noted below, the parties have conferred and reached a consensus on the briefing schedule. With regards to the length of their briefs, both sets of Petitioners (who are also Respondent-Intervenors in each other's cases) agree on the length of all the briefs. Respondent EPA opposes their proposal. The parties are jointly

---

[1] Industry Petitioner in Case No. 24-1180 is Ethylene Oxide Sterilization Association ("EOSA"). EOSA has intervened as a Respondent-Intervenor in 24-1178. The Court granted its motion to intervene on August 13, 2024.

[2] Environmental and Community Groups Petitioners in Case No. 24-1178 are California Communities Against Toxics, Clean Power Lake County, Comité Diálogo Ambiental, Rio Grande International Study Center, Sierra Club, and Union of Concerned Scientists. Environmental and Community Groups have intervened as Respondent-Intervenors in 24-1180.The Court granted their motion to intervene on August 13, 2024.

[3] American Petroleum Institute ("API") has moved to intervene as petitioner. That motion is opposed. API has been consulted on this motion and conveyed through counsel that it supports Petitioners' proposed word allotments and the joint proposed briefing schedule.

submitting this proposal, which includes a consensus proposal for the briefing schedule and alternative proposals for the length of the briefs, in the interest of expediting the proceedings.

**1. Briefing Schedule**

The Parties have agreed to the following briefing schedule:

| **Filing** | **Due Date** |
|---|---|
| Petitioners' Opening Briefs | October 18, 2024 |
| Respondent's Brief | January 8, 2025 |
| Intervenor-Respondents' Briefs | January 15, 2025 |
| Petitioners' Reply Briefs | February 12, 2025 |
| Deferred Joint Appendix | February 18, 2025 |
| Final Briefs | February 24, 2025 |

The proposed briefing intervals reflect a number of factors that the parties accounted for in this complex case, including: the parties' desire for these petitions for review to be resolved without undue delay, time needed for Respondent to obtain necessary management approvals at the Justice Department and EPA, federal holidays, counsel's leave schedules, and counsel's other work commitments. In addition, Environmental and Community Group Petitioners request that the Court schedule oral argument in these consolidated cases in the spring of 2025, as early as possible after the conclusion of briefing, on which request EOSA and EPA take no position.

## 2. Briefing Format

All parties agree that Environmental and Community Group Petitioners and Industry Petitioner should have separate briefs, both as petitioners and as respondent-intervenors. As evidenced by each set of groups intervening to oppose the other, they have completely divergent interests and cannot share briefs.

Both Industry Petitioner and Environmental and Community Group Petitioners agree that the Court should allocate the standard briefing word limits for this case, pursuant to Rule 32 of the Federal Rules of Appellate Procedure and Circuit Rule 32. Respondent disagrees with Petitioners and requests a reduced word count for all parties. The parties state their rationale for their position below.

### a. Environmental and Community Groups' Proposed Word Limits and Rationale

Environmental and Community Group Petitioners respectfully request that the Court allocate the standard word limit of 13,000 words to Environmental and Community Group Petitioners for their opening brief.

The issues to be briefed by Environmental and Community Group Petitioners generally relate to whether EPA's new section 112 standards for commercial sterilizers are sufficiently stringent. Environmental and Community Group Petitioners intend to challenge several distinct aspects of EPA's rule. *See* Non-Binding Statement of Issues for [Environmental and Community Group] Petitioners. First, Environmental and Community Group Petitioners intend to argue

that EPA has failed to follow the compliance provisions of section 112(f)(4), 42 U.S.C. § 7412(f)(4), for emission standards that are issued under section 112(f)(2) of the Clean Air Act. Second, Environmental and Community Group Petitioners intend to argue that EPA has failed to establish a fenceline monitoring program in accordance with the Clean Air Act §112(d)(6). Finally, Environmental and Community Group Petitioners intend to argue that EPA violated the Clean Air Act by exempting area source sterilization facilities from compliance with Title V of the Clean Air Act, 42 U.S.C. § 7661a.

Each argument in Environmental and Community Groups' brief will not only require space for arguments related to statutory construction, but may also require space for issues related to legislative history and the technical comments that were submitted in the administrative record. For example, to Environmental and Community Groups' knowledge, this case may be the first time that this circuit will issue a decision on the compliance provisions of section 112(f)(4) of the Clean Air Act. Given the novelty of the issue, Petitioners expect that they will need the space to brief the court on this provision and how it fits within EPA's statutory authority to regulate hazardous air pollutants. Similarly, to reasonably present Petitioners' other two issues, Petitioners anticipate they will need to provide legal and technical information about disparate portions of the Clean Air Act and developments in other industries. Though Environmental and Community Groups

will keep their brief as streamlined as possible, they respectfully submit that a word limit of 13,000 words will be necessary to allow them to adequately ventilate the issues.

Environmental and Community Groups propose that the word limit for EPA's response brief be equal to the sum of the word limits for their and EOSA's opening briefs, consistent with the Federal Rules of Appellate Procedure and this Court's Rules.

In addition to word count for their opening brief, Environmental and Community Groups expect that they will need the standard word count of 9,100 (70% of the length of the brief to which they will respond) for their Respondent-Intervenor Brief in order to address the arguments raised by Industry Petitioner below. As noted in their motion to intervene, while Environmental and Community Groups support EPA's authority to issue the most stringent standards, they have also advocated for protections that are stronger than those that EPA ultimately adopted. Environmental and Community Groups expect that their Intervenor brief may include arguments on the scope of EPA's authority that the agency may not make.

Finally, Environmental and Community Groups request the standard word count of 6,500 words for their reply brief.

### b. Industry's Proposed Word Limits and Rationale

Industry Petitioner EOSA agrees with Environmental Petitioners that the Court should allocate the standard word limit of 13,000 words for the two opening briefs; the standard word limit of 9,100 for each of the Intervenor-Respondent briefs; and the standard word count of 6,500 words for the reply briefs.

EOSA and the Environmental Petitioners have diametrically opposing interests in this case, such that there will be no overlap between their briefs. And EOSA will also need to address a substantial set of both statutory interpretation and record issues in its briefs.

Specifically, as set forth in its Non-Binding Statement of Issues, EOSA plans to raise *at least* six sets of issues, including: (1) whether EPA has statutory authority, under Section 112 of the Clean Air Act, to set new emission standards for medical sterilization facilities based on a second round of "risk review" even though the statute indicates that the risk review process is only to occur once and further revisions to the standards will be based on a "technology review" process; (2) whether EPA can bypass the statutory mandate to consider costs to sterilization facilities when revising the standards; (3) whether EPA's standards—which require emissions reductions of up to 99.99% percent for certain facilities—are overly

stringent and not supported by the record[4]; (4) whether EPA's requirement that facilities demonstrate compliance through continuous emissions monitoring, even when the facility is not fully operating, is arbitrary and capricious; (5) whether EPA wrongly relied on, even while refusing to consider comments on, the Integrated Risk Information System (IRIS) risk value for ethylene oxide; and (6) whether EPA's near-term compliance deadlines are arbitrary and capricious in light of factors including the time needed to obtain equipment and permits.

EOSA will be hard pressed be cover the above issues in a standard-length brief, and reserves its right to request additional words if needed (although EOSA will endeavor to avoid doing so). EOSA cannot agree to less than a standard-length brief given the importance of this case and the above issues to its members, which face very real compliance challenges. EOSA also notes that, in other cases involving challenges to EPA action by multiple *aligned* petitioners (which Petitioners here are not), this Court has allocated well *over* the standard word limits. *E.g.*, Aug. 9, 2024 Order, No. 24-1120 and consolidated cases (allocating a total of 32,000 words for industry petitioners' opening briefs). EOSA therefore requests that the Court allocate 13,000 words for its opening brief and apply the standard word limits for EOSA's Intervenor-Respondent and reply briefs.

[4] This "Issue" in particular will require EOSA to address multiple sub-issues specific to the record data and EPA's assessment thereof.

### c. EPA's Proposed Word Limits and Rationale

Petitioners' proposal of 26,000 words, or 13,000 words each, for the principal briefs is too high. They also propose 9,100 words each for intervenor briefs and 6,500 words each for replies. That amounts to 28,600 words total for each Petitioners (or 57,200 words for all Petitioners).

In recent cases involving multiple petitioners, this Court has set the word count far below that proposal. For example, in *Kentucky v. EPA*, involving eight petitions for review raising at least 11 unique issues (according to petitioners' nonbinding statement of the issues), the Court rejected the parties' request for 26,000 words and capped opening briefs at 21,000 words, to be shared between up to two briefs. *Compare* Order, Case No. 24-1087, Doc. #2065237 (July 17, 2024) *with* Joint Proposed Briefing Schedule and Format at 2, Case No. 24-1087, Doc. #2062985 (July 3, 2024). And in *American Petroleum Institute v. U.S. Dep't of Interior*, involving industry and environmental petitioners raising at least 11 unique issues (according to petitioners' nonbinding statement of the issues), the Court cut the proposed word count by 30 percent, to 18,200 words to be shared between industry and environmental petitioners (9,100 words each). *Compare* Order, Case No. 24-1023, Doc. #2056291 (May 24, 2024) *with* Joint Proposed Briefing Schedule and Format at 2-3, Case No. 24-1023, Doc. #2054110 (May 13, 2024). Following the Court's precedent, EPA proposes a modest reduction of Petitioners'

word count by about 15 percent. That is more than ample, especially given that in addition to their opening briefs and replies, Industry and Environmental Petitioners will also each file a brief as an intervenor:

| Brief | Word Limit |
|---|---|
| Industry Petitioner's Opening Brief | 11,000 |
| Environmental Petitioners' Opening Brief | 11,000 |
| Respondent EPA's Brief | 22,000 |
| Industry Intervenor's Brief | 7,700 |
| Environmental Intervenors' Brief | 7,700 |
| Industry Petitioner's Reply Brief | 5,500 |
| Environmental Petitioners' Reply Brief | 5,500 |

**3. Conclusion**

For these reasons, the parties respectfully request that the Court enter an order setting the following briefing schedule in consolidated Case Nos. 24-1178 and 1180. The alternative proposals on word limits are also set forth below.

| Filing | Due Date |
|---|---|
| Petitioners' Opening Briefs | October 18, 2024 |
| Respondent's Brief | January 8, 2025 |
| Intervenor-Respondents' Briefs | January 15, 2025 |
| Petitioners' Reply Briefs | February 12, 2025 |
| Deferred Joint Appendix | February 18, 2025 |
| Final Briefs | February 24, 2025 |

| **Briefs** | **Industry and Environmental and Community Groups' Word Limit Proposal** | **Respondent's Word Limit Proposal** |
|---|---|---|
| Industry Petitioner's and Environmental and Community Group Petitioners' Opening Briefs | 13,000 words each | 11,000 words each |
| Respondent's Brief | 26,000 | 22,000 |
| Industry Intervenor-Respondent's and Environmental and Community Group Intervenor-Respondents' Brief | 9,100 words each | 7,700 words each |
| Industry Petitioner's and Environmental and Community Group Petitioners' Reply Briefs | 6,500 words each | 5,500 words each |

Dated: August 16, 2024

Respectfully submitted,

<u>*/s/ Marvin C. Brown IV*</u>

Marvin C. Brown IV
Lillian Zhou
Seth L. Johnson
EARTHJUSTICE
1001 G Street NW, Suite 1000
Washington, DC 20001
Ph: (202) 667-4500
mcbrown@earthjustice.org
lzhou@earthjustice.org
sjohnson@earthjustice.org

*Counsel for California Communities Against Toxics, Clean Power Lake County, Rio Grande International Study Center, Sierra Club, Union of Concerned Scientists, and Comité Diálogo Ambiental, Inc.*

/s/ Amanda Shafer Berman
Amanda Shafer Berman
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
Ph: (202) 688-3451

Kelly N. Garson
Lynn L. Bergeson
BERGESON & CAMPBELL, P.C.
2200 Pennsylvania Avenue, N.W., Suite 100W
Washington, DC 20037
Ph: (202) 557-3801
Fax: (202) 557-3836
kgarson@lawbc.com
lbergeson@lawbc.com

*Counsel for Petitioner The Ethylene Oxide Sterilization Association, Inc.*

/s/ Jeffrey Hammons
JEFFREY HAMMONS
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7611
Washington, D.C. 20044
Ph: (202) 598-6925
Jeffrey.Hammons@usdoj.gov

*Counsel for Respondents EPA, et al.*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

Counsel hereby certifies, in accordance with Federal Rule of Appellate Procedure 32(g)(1), that the foregoing motion contains 1,963 words, as counted by counsel's word processing system, and thus complies with the 5,200-word limit. *See* Fed. R. App. P. 27(d)(2)(A).

Further, this document complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (a)(6) because this document has been prepared in a proportionally spaced typeface using **Microsoft Word for Microsoft 365** using **size 14 Times New Roman** font.

Dated: August 16, 2024

*/s/ Marvin C. Brown IV*
Marvin C. Brown IV