# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 24-1178            September Term, 2024

EPA-89FR24090

Filed On: September 4, 2024

California Communities Against Toxics, et al.,

      Petitioners

    v.

Environmental Protection Agency and
Michael S. Regan, Administrator, U.S.
Environmental Protection Agency,

      Respondents

------------------------------

The Ethylene Oxide Sterilization Association, Inc.,

      Intervenor

------------------------------

Consolidated with 24-1180

**BEFORE:** Wilkins, Rao, and Walker, Circuit Judges

### O R D E R

Upon consideration of the motion for leave to intervene filed by the American Petroleum Institute ("API"), the opposition thereto, and the reply; and the joint motion to establish a briefing schedule and format, it is

**ORDERED** that the motion for leave to intervene be denied. API has failed to demonstrate that it has an interest in this case sufficient to justify intervention or that any interest it may have is not adequately represented by existing parties. See Fed. R. App. P. 15(d); Fed. R. Civ. P. 24(a)(2); cf. City of Cleveland, Ohio v. Nuclear Regul. Comm'n, 17 F.3d 1515, 1515 (D.C. Cir. 1994) (per curiam). It is

**FURTHER ORDERED**, on the court's own motion, that API be permitted to participate as amicus curiae. It is

**FURTHER ORDERED** that the following briefing schedule and format will apply in these consolidated cases:

| | |
|---|---|
| Petitioners' Opening Briefs (up to two briefs, not to exceed 22,000 words in the aggregate) | October 18, 2024 |
| Respondents' Brief (not to exceed 22,000 words) | January 8, 2025 |
| Intervenors' Briefs (up to two briefs, not to exceed 15,400 words in the aggregate) | January 15, 2025 |
| Petitioners' Reply Briefs (up to two briefs, not to exceed 11,000 words in the aggregate) | February 12, 2025 |
| Deferred Appendix | February 18, 2025 |
| Final Briefs | February 24, 2025 |

Any brief filed by an amicus curiae must comply with the requirements set forth in Fed. R. App. P. 29(a) and D.C. Circuit Rule 29.

The parties will be informed later of the date of oral argument and the composition of the merits panel.

The court reminds the parties that

> In cases involving direct review in this court of administrative actions, the brief of the appellant or petitioner must set forth the basis for the claim of standing. . . . When the appellant's or petitioner's standing is not apparent from the administrative record, the brief must include arguments and evidence establishing the claim of standing.

See D.C. Cir. Rule 28(a)(7).

Petitioners should raise all issues and arguments in the opening brief. The court ordinarily will not consider issues and arguments raised for the first time in the reply brief.

To enhance the clarity of their briefs, the parties are urged to limit the use of abbreviations, including acronyms. While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known. See <u>D.C. Circuit Handbook of Practice and Internal Procedures</u> 43 (2021); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

Parties are strongly encouraged to hand deliver the paper copies of their briefs to the Clerk's office on the date due. Filing by mail may delay the processing of the brief. Additionally, counsel are reminded that if filing by mail, they must use a class of mail that is at least as expeditious as first-class mail. See Fed. R. App. P. 25(a). All briefs and appendices must contain the date that the case is scheduled for oral argument at the top of the cover. See D.C. Cir. Rule 28(a)(8).

**Per Curiam**