IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| CALIFORNIA COMMUNITIES AGAINST TOXICS, CLEAN POWER LAKE COUNTY, COMITÉ DIÁLOGO AMBIENTAL, RIO GRANDE INTERNATIONAL STUDY CENTER, SIERRA CLUB, and UNION OF CONCERNED SCIENTISTS,<br><br>*Petitioners (No. 24-1178)*,<br><br>THE ETHYLENE OXIDE STERILIZATION ASSOCIATION, INC.,<br><br>*Petitioner (No. 24-1180)*,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY and LEE ZELDIN, Administrator, U.S. Environmental Protection Agency,<br><br>*Respondents*. | No. 24-1178<br>(Consolidated with 24-1180) |

**EPA's Motion for Voluntary Remand and
Renewed Motion to Hold Case in Abeyance**

-1-

# INTRODUCTION

Petitioners seek review of EPA's final rule entitled, "National Emission Standards for Hazardous Air Pollutants: Ethylene Oxide Emissions Standards for Sterilization Facilities Residual Risk and Technology Review," 89 Fed. Reg. 24090 (Apr. 5, 2024) ("2024 Rule"). In the 2024 Rule, EPA set new emission standards for commercial sterilization facilities under Clean Air Act Section 7412(d) and Section 7412(f)(2). 42 U.S.C. §§ 7412(d), (f)(2). As the attached letter from EPA makes clear, the Agency has now determined that it wishes to revisit and reconsider the 2024 Rule by initiating notice-and-comment rulemaking as soon as possible. *See* Ex. A, EPA Letter to EOSA (Mar. 21, 2025). EPA expects to complete the reconsideration process and publish a final rule by March 2026. *Id*.

Given these developments, EPA respectfully requests that the Court remand without vacatur the 2024 Rule to allow the Agency to reconsider it. EPA further requests that the Court retain jurisdiction and hold all proceedings (including the April 15 oral argument) in abeyance, with status reports due every 90 days.

Remand will allow EPA to reconsider aspects of the 2024 Rule, including but not limited to:

- EPA's authority and decision to undertake a second residual risk review under Section 7412(f)(2), the analysis and determinations made in that review, and the resulting risk-based standards;

- The standards promulgated pursuant to Section 7412(d)(6); and

- The requirement to demonstrate compliance using a continuous emission monitoring system.

Ex. A. Retaining jurisdiction and holding proceedings in abeyance while EPA completes action on remand is further warranted to avoid any potential prejudice to Petitioners.[1]

Counsel for Respondents conferred with counsel for Petitioners. Petitioner Ethylene Oxide Sterilization Association, Inc. ("Industry Petitioner") consent to this motion. Petitioners California Communities Against Toxics, et al., ("Environmental Petitioners") in Case No. 24-1178 oppose this motion and intend to file an opposition. Environmental Respondent-Intervenors California Communities Against Toxics, et al., ("Environmental Respondent-Intervenors") in Case No. 24-1180 take no position on EPA's motion to remand and hold the case in abeyance in Industry Petitioner's petition for review.

## BACKGROUND

Industry Petitioner challenges EPA's decision to conduct a second residual risk review under Section 7412(f)(2) and the feasibility of subsequent risk-based standards, including compliance deadlines. Industry Petitioner also challenges some standards EPA promulgated as part of its technology review under Section

---

[1] While EPA requests in this motion that the Court remand to EPA while retaining jurisdiction and holding the case in abeyance, EPA would not oppose, in the alternative, the court simply holding the case in abeyance pending agency reconsideration, without granting EPA's request for remand.

7412(d)(6) and EPA's decision to require continuous emissions monitoring systems for certain facilities. Environmental Petitioners also challenge EPA's decisions regarding compliance deadlines, as well as the exemption from permitting requirements under Title V of the Clean Air Act.

On February 18, 2025, EPA moved to hold the case in abeyance to allow the new Administration time to review the 2024 Rule and decide what action, if any, to take. This Court denied EPA's motion without prejudice on March 4, 2025. EPA has now completed its review of the 2024 Rule and determined that the Rule should be reconsidered by initiating notice-and-comment rulemaking. Ex. A.

**ARGUMENT**

Agencies are entitled to change positions, and they often do so to account for the changes in policy that accompany a change in administration. This is such a case. As EPA's letter explains, the Agency intends to reconsider the 2024 Rule. To allow EPA adequate time to conduct a proper reconsideration process, the Court should remand the 2024 Rule to EPA without vacatur and suspend oral argument. As discussed below, the Court should additionally retain jurisdiction and place this case in abeyance while EPA completes action on remand to avoid prejudice to Petitioners.

The Agency anticipates its reconsideration of the Rule will involve further rulemaking that could revise or rescind some or all of the portions of the Rule at

-4-

issue in this proceeding, thereby obviating the need for judicial resolution of some or all of the issues addressed in the petitions for review. Remand and abeyance pending reconsideration would conserve these resources, without prejudicing Petitioners.[2]  Thus, good cause exists for the requested relief. *See Anchor Line Ltd. v. Fed. Mar. Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962) ("[W]hen an agency seeks to reconsider its action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency."); *cf. Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 71–71 (D.C. Cir. 2022) (courts "routinely stay [their] hand when parties identify developments that are likely to render judicial resolution unnecessary"); *Am. Petroleum Inst. v. EPA*, 683 F.3d 382, 386–87 (D.C. Cir. 2012) (finding proposed rule that would eliminate disputed issue rendered pending case prudentially unripe).

Although the Court denied EPA's previous abeyance motion, the Agency had at that point merely commenced review, and not yet decided what action, if any, to take. Since then, the circumstances have materially changed.  EPA has now decided it wishes to reconsider the 2024 Rule through rulemaking. Holding oral argument in these circumstances, when EPA is in the early stages of reconsidering

---

[2] If Petitioners believes EPA is not acting expeditiously, they could move to lift the abeyance and seek relief.

the 2024 Rule through rulemaking, could prejudice EPA's policy discretion and would be a highly inefficient use of judicial and party resources.

I. **Remand is appropriate.**

It is well-established that agencies may reconsider past decisions and revise, replace, or repeal a decision to the extent permitted by law and supported by a reasoned explanation. *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009); *see also Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 42 (1983) ("[R]egulatory agencies do not establish rules of conduct to last forever [and] must be given ample latitude to adapt their rules and policies to … changing circumstances.") (internal citations and quotation marks omitted)); *Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1038, 1043 (D.C. Cir. 2012) (explaining that an agency's "reevaluation of which policy would be better in light of the facts" is "well within" its discretion and that a change in administration is a "perfectly reasonable basis for an executive agency's reappraisal of the costs and benefits of its programs and regulations" (internal quotation marks omitted)).

Allowing for voluntary remand is consistent with this principle. *See Ethyl Corp. v. Browner*, 989 F.2d 522, 524 (D.C. Cir. 1993). "[W]hen an agency action is reviewed by the courts, in general the agency may take one of five positions," including that the agency may request a remand "in order to reconsider its previous position." *SKF USA Inc. v. United States*, 254 F.3d 1022, 1027–28, 1029 (Fed. Cir.

2001). Remand should be granted so long as "the agency intends to take further action with respect to the original agency decision on review." *Limnia, Inc. v. Dep't of Energy*, 857 F.3d 379, 386 (D.C. Cir. 2017).

Indeed, courts generally only refuse voluntary remand when the agency's request is frivolous or made in bad faith. *See Cadillac of Naperville, Inc. v. NLRB*, 14 F.4th 703, 719 (D.C. Cir. 2021); *Limnia, Inc.*, 857 F.3d at 386–87 (refusing remand where agency had no intention to revisit challenged decision). This is for good reason. "Administrative reconsideration is a more expeditious and efficient means of achieving an adjustment of agency policy than is resort to the federal courts." *B.J. Alan Co. v. ICC*, 897 F.2d 561, 562 n.1 (D.C. Cir. 1990) (internal quotation marks and citation omitted). As this Court explained in *Ethyl Corp.*, 989 F.2d at 524, courts "commonly grant such motions, preferring to allow agencies to cure their own mistakes rather than wasting the courts' and the parties' resources reviewing a record that both sides acknowledge to be incorrect or incomplete." *See also Anchor Line Ltd.* 299 F.2d at 125 ("[W]hen an agency seeks to reconsider its action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency.").

Remand is proper in this case to allow EPA to reconsider the 2024 Rule. Specifically, EPA asks this Court to remand, without vacatur, the 2024 Rule so that EPA may reconsider certain legal and policy conclusions underlying the 2024

Rule. Ex. A. EPA's reconsideration is consistent with agencies' implicit authority to reconsider past decisions, particularly in light of a change of administration and attendant change in policy priorities and approach to statutory interpretation.

An agency may seek remand because it wishes to revisit its interpretation of the governing statute, the procedures it followed in reaching its decision, or the decision's relationship to other agency policies. *SKF U.S.A. Inc.*, 254 F.3d at 1028–29. EPA seeks remand for these reasons. Following this Court's denial without prejudice of EPA's motion for an abeyance, EPA prioritized review of the 2024 Rule, and the Agency has now concluded that remand of the 2024 Rule for reconsideration and rulemaking is appropriate and would advance the Administration's policy objectives. Ex. A.

Remand is reasonable because it will allow EPA to, among other things, reconsider (1) the Agency's authority and decision to undertake a second residual risk review under Section 7412(f)(2), 42 U.S.C. § 7412(f)(2), the analysis and determinations made in that review, and the resulting risk-based standards; (2) the standards promulgated pursuant to Section 7412(d)(6), 42 U.S.C. § 7412(d)(6); and (3) the Agency's decision to require compliance demonstrations using a continuous emission monitoring system. Ex. A.

EPA plans to provide an opportunity for comment on the additional information or analyses it considers and any proposed changes to the 2024 Rule on

remand. *Id.* EPA presently expects its reconsideration process to be complete by March 2026. *Id.*

Granting remand to allow EPA to revisit the 2024 Rule promotes judicial economy. *See B.J. Alan Co.*, 897 F.2d at 562 n.1 (recognizing the efficiency of administrative reconsideration to modify agency policy as compared to judicial review). Here, Petitioners have filed briefs raising objections to the 2024 Rule for employing legal and policy approaches that EPA now intends to revisit. EPA's reconsideration of its approach to these issues may address and resolve Petitioners' concerns or, at least, narrow the issues if Petitioners were to challenge final action arising out of remand. Even if EPA's action on remand does not resolve all of the claims presented in these petitions for review, EPA's reconsideration of the issues will likely develop additional support for its action so that subsequent judicial review will turn on a new and different record. The parties and the Court would benefit from this record.

Remand is appropriate here notwithstanding that some of the issues raised in the parties' briefing are questions of statutory interpretation. EPA's view of the best statutory interpretation on any particular question is informed both by the Clean Air Act's text and by its view of the best way to execute the polices that Congress embodied in the Act. "[T]he informed judgment of the Executive Branch" may be entitled to "great weight" and inform the Court's review of the

underlying rule. *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 388 (2024) (citing *United States v. American Trucking Assns., Inc.*, 310 U.S. 534, 544 (1940)); *see also id.* at 402 (noting that an agency's statutory interpretation "may be especially informative" and that "an Executive Branch interpretation may have "particular" persuasive power). As such, EPA should be afforded the opportunity to develop and articulate its position on the statutory issues in light of its policy imperatives and expertise.

Finally, EPA's request for voluntary remand here is made in good faith. In February 2025, EPA moved for an abeyance for 60 days, indicating that the Agency *may* seek to reconsider the 2024 Rule. When this Court denied EPA's motion without prejudice, EPA promptly expedited its internal deliberations on the next steps for the 2024 Rule. As a result of these deliberations, EPA has decided to reconsider the 2024 Rule in its entirety. Because EPA seeks in good faith to revisit its past decision, remand is appropriate here and would promote judicial efficiency.

The Court should remand the 2024 Rule without vacatur to facilitate the Agency's reconsideration and further rulemaking. In determining whether to remand without vacatur, the Court considers "the disruptive consequences of an interim change that may itself be changed." *Allied-Signal, Inc. v. U.S. Nuclear Regulatory Comm'n*, 988 F.2d 146, 150–51 (D.C. Cir. 1993) (citation and quotation marks omitted). As explained above and in EPA's letter, EPA intends to

reconsider several legal and policy positions underlying the 2024 Rule—issues that overlap with those that Petitioners have raised in this litigation. Ex. A.

Petitioners and others will have the opportunity to comment on any proposed rule and, if necessary, to seek judicial review of the final rule on reconsideration. Moreover, EPA is mindful of compliance deadlines in April 2026, and EPA intends to work expeditiously to complete the reconsideration process and publish a final rule by March 2026 before any compliance deadlines take effect. Ex. A. Given that EPA anticipates the remand would not last more than a year, Petitioners should not be prejudiced by the requested relief.

II. **Retaining jurisdiction and holding the cases in abeyance while EPA acts on remand is appropriate.**

EPA further requests that the court retain jurisdiction and hold this case in abeyance while the Agency acts on remand. EPA acknowledges that this Court's usual practice is to relinquish jurisdiction upon remand, but EPA respectfully submits that this Court should depart from that usual practice and retain jurisdiction here to avoid any possible prejudice to Petitioners. Holding the case in abeyance would allow Petitioners to move to lift the abeyance and seek appropriate relief if EPA does not act as expeditiously as intended on remand.

While EPA requests that the Court both remand and hold the case in abeyance, EPA would not oppose the Court, in the alternative, simply holding the case in abeyance without granting EPA's request for remand. The Court frequently

grants abeyance pending Agency reconsideration. *See, e.g.,* Order, (Doc. No. 1883880), *Am. Fuel & Petrochem. v. EPA*, No. 19-1124 (D.C. Cir. Feb. 5, 2021) (rescheduling oral argument at EPA's request to accommodate change of administration); Order (Doc. No. 1675813), *Am. Petroleum Inst. v. EPA*, No. 13-1108 (D.C. Cir. May 18, 2017) (abating challenge to EPA's authority to regulate methane from oil and gas operations following change of administration); Order (Doc. Nos. 1673071), *West Virginia v. EPA*, No. 15-1363 (D.C. Cir. Apr. 28, 2017) (abating challenges to Clean Power Plan rule following change of administration).

## CONCLUSION

The Court should remand the 2024 Rule to EPA for reconsideration, suspend the April 15 argument, and retain jurisdiction to hold all proceedings in abeyance with status reports from EPA due every 90 days.

Dated: March 25, 2025                Respectfully submitted,

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General

/s/ Jeffrey Hammons
JEFFREY HAMMONS
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7611
Washington, D.C. 20044
(202) 598-6925

Jeffrey.Hammons@usdoj.gov

*Counsel for Respondents*

## CERTIFICATES OF COMPLIANCE AND SERVICE

I certify that this brief complies with Fed. R. App. P. 32(a)(5) and (6) because it uses 14-point Times New Roman, a proportionally spaced font.

I also certify that this brief complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because by Microsoft Word's count, it has 2457 words, excluding the parts of the brief exempted under Rule 32(f).

Finally, I certify that on March 25, 2025, I electronically filed this brief with the Court's CM/ECF system, which will serve each party.

                                              */s/ Jeffrey Hammons*
                                              Jeffrey Hammons